Case 5:14-cv-00166   Document 66   Filed on 05/04/16 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
May 04, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

REYNALDO FLORES             §
                            §
v.                          §     NO. 5:14-cv-166
                            §
WILLIAM STEPHENS             §

MEMORANDUM AND ORDER

Before the Court is Petitioner Reynaldo Flores's pro se petition under 28 U.S.C. §2254, filed on October 9, 2014. (Dkt. 1.) Defendant's petition relates to two Texas state convictions, (1) a 2011 conviction in Bexar County Case No. 2011-cr-1002 and (2) a 2012 conviction in Bexar County Case No. 2012-cr-1969. On the face of the petition, Petitioner challenges only the 2011 conviction (Dkt. 1 at p. 2.), and the bulk of Petitioner's voluminous filings relate to the 2011 conviction. Because Petitioner is pro se, however, the Court decided to liberally construe this petition as attacking both convictions. (Dkt. 37 at p. 4.)

In a recent filing, Petitioner insisted that the instant petition challenges only the 2011 conviction, contesting the Court's liberal construction. (Dkt. 65.) The Court agrees. At the time the instant petition was filed, Petitioner seems to have not yet exhausted his state court remedies as to the 2012 conviction, a prerequisite to filing a §2254 petition. See

<u>Whitehead v. Johnson</u>, 157 F.3d 384, 387 (5th Cir. 1998). On May 6, 2015, the Texas Court of Criminal Appeals denied Petitioner's state habeas corpus application concerning his 2012 conviction. <u>Ex parte Reynaldo Flores</u>, WR-79, 171-05 (Tex. Crim. App. May 6, 2015). Shortly after that application was denied, Petitioner filed a §2254 petition in the Western District of Texas, Case No. 5:15-cv-622-OLG, explicitly attacking the 2012 conviction.

Petitioner confirms that the Western District petition, not the instant petition, challenges the 2012 conviction. (Dkt. 65 at p. 2-3.) Because the 2012 conviction is properly before another court, the Court will not construe this petition as attacking it. The Court now finds that the instant petition relates only to Petitioner's 2011 conviction. In a Memorandum and Order of September 29, 2015, the Court dismissed all claims related to the 2011 conviction because Defendant already completed the term of confinement resulting from that conviction. (Dkt. 37 at p. 4-5.) Accordingly, Petitioner's claims under Section 2254 are DENIED.

Petitioner also asks the Court to construe this §2254 petition as a 42 U.S.C. §1983 prisoner civil rights complaint challenging the conditions of his confinement and the state parole board's refusal to grant him parole. (Dkt. 65 at p. 5.) Generally, the title of a <u>pro se</u> prisoner's motion is not controlling, but rather the content of the pleadings. <u>United States v. Santora</u>, 711 F.2d 41, 42 n.1 (5th Cir. 1983). In the instant petition, Petitioner

asks the Court to "reverse this unconstitutional conviction and remand this case to the conviction court." (Dkt. 1 at p. 7.) A state conviction can only be declared unconstitutional through §2254, not §1983. <u>Carson v. Johnson</u>, 112 F.3d 818, 820 (5th Cir. 1997). Whatever grievances Petitioner has against his prison conditions should be addressed to the court in whose jurisdiction Petitioner is now incarcerated.

For the foregoing reasons, this case will be DISMISSED.

DONE at Laredo, Texas, this 4th day of May, 2016.

_____
George P. Kazen
Senior United States District Judge